**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Anthony James Lane,<br><br>Defendant. | No. CR-17-00483-001-TUC-CKJ (DTF)<br><br>**AMENDED ORDER** |

Before the Court is Defendant Anthony James Lane's Motion for Compassionate Release Under 18 U.S.C. 3528(c)(1)(A) Pursuant to the WorldWide [sic] COVID-19 Pandemic (Doc. 67) and Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release Including Release Due to COVID-19) (Doc. 74). For the reasons that follow, Defendant's motions are denied and this case remains closed.

## PROCEDURAL HISTORY

On August 28, 2020, Defendant filed a pro se Motion for Compassionate Release Under 18 U.S.C. 3528 (c)(1)(A) Pursuant to the WorldWide [sic] COVID-19 Pandemic. (Doc. 67)  On September 28, 2020, the Federal Public Defender filed a Motion for Appointment of Counsel Under General Order 20-28, requesting that the Court appoint it to assist Defendant with Defendant's request for a sentence reduction. (Doc. 69)  On October 2, 2020, the Court granted the Federal Defender's request and appointed it counsel for the purpose of filing a motion for sentencing relief on Defendant's behalf. (Doc. 70) On December 1, 2020, the Federal Defender filed an Emergency Motion to Reduce

Sentence Pursuant to 18 U.S.C. § 3582(c)(1)9A)(i) (Compassionate Release Including Release Due to COVID-19) on Defendant's behalf. (Doc. 74[1])  On January 29, 2021, the Government filed its Response to Defendant's Motion for Compassionate Release (Doc. 74). (Doc. 83)  On February 12, 2021, Defendant filed his Reply to Government's Response (Doc. 83) to Defendant's Motion (Doc. 74) to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release Including Release Due to COVID-19). (Doc. 84)  This Order follows.

## LEGAL STANDARD

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020) (internal citation omitted).  On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472.  "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety."  Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020).  Prior to the passage of the Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted).  The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"  18 U.S.C. § 3582(c)(1)(A).

---

[1] The Court interprets this filing as Defendant's amended motion for compassionate release in accordance with the Court's October 2, 2020 Order.

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The U.S. Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (internal quotation marks, alterations, and citation omitted) ("The FSA grants broad discretion to the district courts in providing relief.").

The United States Sentencing Commission has issued a Policy Statement that outlines the process through which a court may analyze a request for a sentencing reduction under the compassionate release statute. *See* U.S.S.G. 1B1.13. First, to the extent they are applicable, a court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*. Second, a court must find that either "extraordinary and compelling reasons" warrant a sentence reduction; or that the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). *Id*. Third, regardless of which determination the court has made in step two, it must find that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. Fourth, the court must also find that the reduction in sentence is consistent with the Commission's Policy Statement on the statute. *Id*.

"When assessing whether a defendant remains a danger to the community, the Policy Statement . . . directs the court to consult the factors listed in 18 U.S.C. § 3142(g)[.]" *United States v. Schram*, 475 F. Supp. 3d 1168, 1171 (D. Or. July 31, 2020). Those factors include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a minor victim or a controlled substance,

firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including--(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]" 18 U.S.C. § 3142(g)(1)-(3). It is the defendant's burden to prove that he would not pose a danger to the safety of the community if released.[2]

## ANALYSIS

Defendant is fifty-four years old, suffers from heart disease, hypertension, hyperlipidemia, diabetes, and is obese. From August 2016 through the beginning of February 2017, Defendant went on a countrywide crime spree and robbed 12 separate financial institutions. A number of tellers from the institutions which Defendant robbed later testified that they experienced post-traumatic stress, anxiety, and panic attacks from the robberies, and others testified that the traumatic experience forced them to leave the banking industry altogether or seek new employment. Defendant also has an extensive criminal history dating back to 1984, which includes convictions for second-degree sexual assault, passing bad checks, driving while intoxicated, battery, theft, and forgery.

On November 20, 2017, Defendant pleaded guilty to 11 counts of felony Bank Robbery and 1 count of Attempted Bank Robbery, in violation of 18 U.S.C. § 2113(a). On May 1, 2018, the Court sentenced Defendant to 120 months incarceration followed by 60 months of supervised release. To date, Defendant has served a little over one-third (48 months) of his 120-month sentence.

---

[2] *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("As a general matter, principles as to the allocation of burden of proof rest on goals and access . . . If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D. N.Y. 2020) (finding that the defendant "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist").

In his Emergency Motion for Compassionate Release, Defendant argues that his sentence should be reduced to time served because he is at high risk of serious complications should he become reinfected[3] with COVID-19. (Doc. 74) Defendant also argues that the Court should grant his request for compassionated release since he has exhausted his administrative remedies before filing his request, the § 3553(a) sentencing factors fall in his favor, he has demonstrated positive behavior while incarcerated, and he no longer poses a threat to public safety and would not endanger the community if released. *Id.* The Court disagrees.

While the Court recognizes that Defendant's health condition constitutes an "extraordinary and compelling reason" to support compassionate release, it finds that Defendant has failed to demonstrate that he would not pose a danger to the safety of the community if released. In support of his contention to the contrary, Defendant cursorily asserts that because he never intended to hurt anyone and never brandished a real weapon during his dozen bank robberies that he is not a danger to the community. (Doc. 74 at 14) Considering more prevalent factors in Defendant's criminal history, however, the Court finds Defendant's argument wholly unpersuasive. It also finds that he remains a threat to the safety of the community if released, as evidenced by his recent five and one-half-month crime spree which spanned six states and victimized over one dozen bank employees.

In its brief opposing Defendant's motion for compassionate release, the Government highlights the fact that while Defendant meets the "extraordinary and compelling reasons" prong of the compassionate release test, he remains a serious danger to the safety of the community and the § 3553(a) factors weigh against his release. (Doc. 83 at 11) The Government explains that in all but one of the bank robberies Defendant committed, he possessed what appeared to be a real handgun which presented a real threat to the harm of the bank employees. *Id.* at 15. It also notes a sudden and drastic escalation in Defendant's criminal pattern and history. *Id.*

The record at hand is not the record upon which the Court should grant

---

[3] Defendant concedes he tested positive for COVID-19 on June 14, 2020. (Doc. 74 at 11)

compassionate release regardless of any defendant's health condition. The fact that the Court finds that Defendant poses a *significant danger* to the safety to the community if released, alone, is an appropriate reason to deny Defendant's request for sentencing relief. Accordingly, his motions for a sentence reduction under the First Step Act are DENIED.

**IT IS ORDERED:**

1. Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release Including Release Due to COVID-19) (Doc. 74) is DENIED.

2. Defendant's Motion for Compassionate Release Under 18 U.S.C. 3528(c)(1)(A) Pursuant to the WorldWide [sic] COVID-19 Pandemic (Doc. 67) is DENIED AS MOOT.

3. This case remains closed.

Dated this 2nd day of March, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge